UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN STEVEN OLAUSEN,<br><br>　　　　　　　Petitioner,<br>　v.<br>ISIDRO BACA, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:15-cv-00525-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. By order filed October 21, 2015, the Court dismissed this action without prejudice because petitioner failed to submit a proper application to proceed *in forma pauperis*. (Dkt. no. 4.) Judgment was entered on October 21, 2015. (Dkt. no. 5.)

I. **MOTION FOR RELIEF FROM JUDGMENT**

Petitioner has filed a motion for relief from judgment. (Dkt. no. 7.) Petitioner explains that he placed a proper *in forma pauperis* application in the same envelope as his habeas petition and gave it to prison officials for mailing. Petitioner further explains that prison officials inspected his outgoing mail and removed his *in forma pauperis* application from the packet that was mailed to this Court. (Dkt. no. 7.) Petitioner further points out that he has now paid the $5.00 filing fee for this action. (Dkt. no. 6.) Due to mistake and excusable neglect, petitioner's motion for relief from judgment is granted. Fed. R. Civ. P. 60(b). The Court vacates the order and judgment dismissing this action for failure to submit a proper *in forma pauperis* application.

## II. DISMISSAL OF PETITION AS SUCCESSIVE

This case must be dismissed as successive for failure to comply with the provisions of 28 U.S.C. § 2244(b). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition must first obtain authorization from the federal Court of Appeals to do so. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from the federal Court of Appeals before filing a second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the Court of Appeals before a second or successive habeas application under § 2254 may be commenced"). If an earlier federal petition is dismissed on the merits, any subsequent petition challenging the same conviction or sentence will constitute a second or successive petition. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

The habeas petition in the instant case is the latest of several successive habeas corpus petitions filed by petitioner John Steven Olausen in this Court. The Court takes judicial notice of the many habeas corpus actions filed by Olausen in this Court under the following case numbers: 3:01-cv-00499; 3:05-cv-00631; 3:06-00257; 3:08-cv-00447; 3:08-cv-00527; 3:10-cv-00388; and 3:15-cv-127. Petitioner's first habeas corpus action, 3:01-cv-00499, was reviewed on the merits and denied by order filed June 28, 2005. (Dkt. no. 87 in 3:01-cv-00449). Petitioner then filed a habeas petition under case no. 3:05-cv-00631, asserting, as he does in this case, that he was being imprisoned unlawfully without a valid judgment of conviction. This Court determined that case 3:05-cv-00631 was successive and transferred the case to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, for consideration under 28 U.S.C. § 2244(b)(3)(A). (Dkt. nos. 4 & 8 in 3:05-cv-00631). The Ninth Circuit Court of Appeals ruled that petitioner failed to show that he was imprisoned under an invalid conviction or sentence; the Court of Appeals denied petitioner's application to file a successive petition. (Dkt. no. 8, Case

no. 06-15930, Ninth Circuit Court of Appeals.) Subsequently, petitioner filed habeas petitions in case nos. 3:06-cv-00257, 3:08-cv-00447, 3:08-cv-00527, and 3:10-cv-00388, all of which were dismissed as successive petitions. Most recently, petitioner's habeas petition filed at 3:15-cv-00127 was dismissed as successive. In the order dismissing the petition in 3:15-cv-00127, the Court took the opportunity to chronicle petitioner's many successive habeas petitions filed in this Court. (Dkt. no. 16 in 3:15-cv-00127.) Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals to file the instant successive habeas petition. As such, the Court cannot entertain the petition and it will be dismissed as successive.

### III. DENIAL OF CERTIFICATE OF APPEALABILITY

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition as successive debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

///

## IV. CONCLUSION

It is therefore ordered that petitioner's motion for relief from judgment (dkt. no. 7) is granted.

It is further ordered that the Court's order and judgment of October 21, 2015, dismissing this action without prejudice for failing to file a proper *in forma pauperis* application, (dkt. nos. 4 & 5) are vacated.

It is further ordered that this action is dismissed as a successive petition.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

It is further ordered that the Clerk of Court shall electronically serve respondents with the petition (dkt. no. 1-1) and a copy of this order. The Clerk of Court shall add Attorney General Adam Paul Laxalt to the CM/ECF docket sheet as counsel for respondents. No response is required from respondents, other than to respond to any orders directed to respondents by a reviewing court.

DATED THIS 24th day of November 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE